UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------x
Nikki Olsen

                              Plaintiff,

CIVIL ACTION

**COMPLAINT**

-v.-

Northland Group, Inc.

                              Defendant.
------------------------------------------------------------------------x

Plaintiff Nikki Olsen ("Plaintiff" or "Olsen ") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Northland Group, Inc. ("Defendant" or "Northland"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of Connecticut, residing at 19 Spring Street, East Hartford, CT, 06108.

3. Defendant is a debt collector with an address at 7831 Glenroy Road, Suite 250, Edina, MN, 55439.

4. Northland Group, Inc., is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**FACTUAL ALLEGATIONS**

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around February 8, 2014, the Defendant caused to be delivered to the Plaintiff a letter addressed to the Plaintiff.

11. The February 8, 2014 letter is a "communication" as defined by 15. U.S.C. §1692a(2).

12. The February 8, 2014 letter was mailed in a window envelope.

13. The envelope provided a window in the bottom left corner which displayed personal and confidential information including the Plaintiff's account number.

14. The account number constitutes personal identifying information.

15. The account number is a piece of information that can identify the Plaintiff.

16. The account number is not meaningless- it is a piece of information capable of identifying (the consumer) as a debtor. And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. <u>Douglass v. Convergent Outsourcing</u>, 765 F. 3d 299 (Third Cir. 2014).

17. This letter from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

*Respondeat Superior Liability*

18. The acts and omissions of the debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

19. The acts and omissions by the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

21. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state

and federal law by these individual Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

*Summary*

22. The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

23. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

24. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

27. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Invasion of Privacy By Intrusion Upon Seclusion)

28. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

29. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

30. Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

31. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

32. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nikki Olsen demands judgment from the Defendant Northland Group Inc., as follows:

  a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

  b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A):

  c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

  d) A declaration that the Defendants practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Waterbury, Connecticut
       February 6, 2015

/s/Raphael Deutsch
_____
RC Law Group, PLLC
By: Raphael Deutsch
301 Highland Avenue
Waterbury, CT, 06708
Phone: 201.282.6500 ext. 201
Fax: 201.282.6501