## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NIKKI OLSEN,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHLAND GROUP, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 3:15-CV-00166-RNC |

### ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND  TO THE COMPLAINT

Defendant, Northland Group, Inc. ("Defendant" or "Northland"), by its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states and alleges as follows:

### INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

**ANSWER:**   Answering paragraph 1 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

### PARTIES

2.     Plaintiff is a resident of the State of Connecticut, residing at 19 Spring Street, East Hartford, CT, 06108.

**ANSWER:**   Answering paragraph 2 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

3.     Defendant is a debt collector with an address at 7831 Glenroy Road, Suite 250, Edina, MN, 55439.

**ANSWER:**   Answering paragraph 3 of the Complaint, admits only that its business includes the collection of unpaid, outstanding account balances that are owed to others and that it maintains an office at 7831 Glenroy Road, Suite 250, Edina, MN, 55439.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

4.      Northland Group, Inc., is a "debt collector" as the phrase is defined in 15 U.S.C. 1692(a)(6) and used in the FDCPA.

**ANSWER:**   Answering paragraph 4 of the Complaint, admits only that its business includes the collection of unpaid, outstanding account balances.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**   Answering paragraph 5 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

6.      Venue is proper in this judicial district because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**ANSWER:**   Answering paragraph 6 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

34520469v1 0966360

## FACTUAL ALLEGATIONS

7.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Answering paragraph 7 of the Complaint, repeats, realleges and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.

8.     On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

**ANSWER:**   Answering paragraph 8 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

9.     This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**ANSWER:**   Answering paragraph 9 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

10.     On or around February 8, 2014, the Defendant caused to be delivered to the Plaintiff a letter addressed to the Plaintiff.

**ANSWER:**   Answering paragraph 10 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

11.     The February 8, 2014 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

**ANSWER:**   Answering paragraph 11 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

12.     The February 8, 2014 letter was mailed in a window envelope.

3

**ANSWER:**   Answering paragraph 12 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

13.     The envelope provided a window in the bottom left corner which displayed personal and confidential information including the Plaintiffs account number.

**ANSWER:**   Answering paragraph 13 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

14.     The account number constitutes personal identifying information.

**ANSWER:**   Answering paragraph 14 of the Complaint, denies the allegations contained therein.

15.     The account number is a piece of information that can identify the Plaintiff.

**ANSWER:**   Answering paragraph 15 of the Complaint, denies the allegations contained therein.

16.     The account number is not meaningless- it is a piece of information capable of identifying (the consumer) as a debtor.  And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address.  *Douglass v. Convergent Outsourcing*, 765 F. 3d 299 (Third Cir. 2014).

**ANSWER:**   Answering paragraph 16 of the Complaint, denies the allegations contained therein.

17.     This letter from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

4

**ANSWER:**   Answering paragraph 17 of the Complaint, denies the allegations contained therein.

**Respondeat Superior Liability**

18.    The acts and omissions of the debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

**ANSWER:**   Answering paragraph 18 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

19.    The acts and omissions by the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

**ANSWER:**   Answering paragraph 19 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

20.    By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

**ANSWER:**   Answering paragraph 20 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

21.    Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

**ANSWER:**   Answering paragraph 21 of the Complaint, denies the allegations contained therein.

34520469v1 0966360

**Summary**

22.     The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

**ANSWER:**     Answering paragraph 22 of the Complaint, denies the allegations contained therein.

23.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

**ANSWER:**     Answering paragraph 23 of the Complaint, denies the allegations contained therein.

24.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**ANSWER:**     Answering paragraph 24 of the Complaint, denies the allegations contained therein.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**     Answering paragraph 25 of the Complaint, repeats, realleges and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.

34520469v1 0966360

26.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

**ANSWER:**   Answering paragraph 26 of the Complaint, denies the allegations contained therein.

27.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**ANSWER:**   Answering paragraph 27 of the Complaint, denies the allegations contained therein.

## SECOND CAUSE OF ACTION
### (Invasion of Privacy By Intrusion Upon Seclusion)

28.     Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Answering paragraph 28 of the Complaint, repeats, realleges and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.

29.     Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff

**ANSWER:**   Answering paragraph 29 of the Complaint, denies the allegations contained therein.

30.     Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

**ANSWER:**   Answering paragraph 30 of the Complaint, denies the allegations contained therein.

34520469v1 0966360

31.     Plaintiff had a reasonable expectation of privacy in Plaintiffs solitude, seclusion, and or private concerns or affairs.

**ANSWER:**     Answering paragraph 31 of the Complaint, denies the allegations contained therein.

32.     The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

**ANSWER:**     Answering paragraph 32 of the Complaint, denies the allegations contained therein.

33.     As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

**ANSWER:**     Answering paragraph 33 of the Complaint, denies the allegations contained therein.  Answering Plaintiff's Prayer for Relief, denies that Plaintiff is entitled to any judgment, award, relief, judgment or any other request or demand made in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff failed to mitigate Plaintiff's damages.  There are neither allegations in the Complaint nor a record of any efforts that Plaintiff made to limit and/or prevent Plaintiff's alleged damages.  This will be further investigated through discovery.

### Second Affirmative Defense

The damages alleged by Plaintiff may have been the result of other, superseding and/or intervening cause(s) and were not proximately caused by this answering defendant.  This will be further investigated through discovery.

34520469v1 0966360

## Third Affirmative Defense

Upon information and belief, some or all of Plaintiff's claims may be subject to and/or barred by a mandatory arbitration clause, which will be further explored in discovery.

## Fourth Affirmative Defense

Northland affirmatively states that any violation of law, which it denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.  Such policies and procedures include, but are not limited to, training that Northland provides to its collection personnel in protecting the privacy of accountholders from which Northland is collecting.  Additionally, any departure from the requirements under 15 U.S.C. 1692f(8), which Northland denies occurred, resulted from benign language.

## Fifth Affirmative Defense

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

**WHEREFORE**, Defendant Northland Group, Inc. having fully responded to the Complaint, prays that the Court dismiss Plaintiff's action with prejudice, order that Plaintiff take nothing thereby, and award Northland Group, Inc. its attorney's fees and costs incurred herein, as well as any additional equitable relief the Court deems proper.

## JURY DEMAND

Defendant demands a jury trial pursuant to Fed. R. Civ. P. 38.

34520469v1 0966360

Respectfully submitted,

NORTHLAND GROUP, INC.
By: Its Attorneys


*/s/ Valerie N. Doble*
Marissa I. Delinks, ct29369
Valerie N. Doble, ct27251
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: 617-213-7000; Fax: 617-213-7001
Email: mdelinks@hinshawlaw.com
          vdoble@hinshawlaw.com

Dated:    June 2, 2015


## CERTIFICATE OF SERVICE

I, Valerie N. Doble, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 2, 2015.

*/s/ Valerie N. Doble*
Valerie N. Doble

34520469v1 0966360